UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SIDNEY RHONE,
a/k/a EDWARD RHONE,

        Petitioner,

v.                                      CASE NO. 13-14529
                                      HONORABLE ARTHUR J. TARNOW

BENNY NAPOLEON,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I. Introduction**

Petitioner Sidney Rhone, also known as Edward Rhone, has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is a pretrial detainee at the Wayne County Jail in Detroit, Michigan. The complaint and exhibits indicate that Petitioner has been implicated in the fatal shooting of Joshua Mejias at 9430 Michigan Avenue in Detroit on August 31, 2012. Petitioner alleges that he turned himself into the police on September 12, 2012, after being informed that there was a warrant for his arrest. On November 9, 2012, a preliminary hearing was held and, according to Petitioner, the prosecutor presented six witnesses, all of whom made contradictory and inconsistent statements.

Petitioner claims that an assistant Wayne County prosecutor committed a fraud on the court by allowing false and perjured testimony to go uncorrected at the preliminary hearing. Petitioner further alleges that the prosecution used a suggestive identification procedure with witnesses to obtain an identification of him and that he has not been apprised of the charges

*Rhone v. Napoleon*, No. 13-14529

against him, nor provided with a copy of the arrest warrant or criminal information. He seeks removal of his state criminal case to federal court, a habeas hearing in federal court, and immediate release from custody for alleged violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

## II. Discussion

Pretrial detainees may pursue habeas relief under 28 U.S.C. § 2241, "which extends the writ to, among others, persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012) (quoting § 2241(c)(3)). But

> courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. Thus the doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted); *see also Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances").

*Rhone v. Napoleon*, No. 13-14529

The exhaustion doctrine requires state prisoners to invoke "one complete round of the State's established appellate review process" before presenting their claims to a federal court in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "[T]his usually requires that [habeas petitioners] appeal an adverse decision all the way to the state's court of last resort." *Phillips*, 668 F.3d at 810; *see also Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (explaining that, to properly exhaust state remedies, a habeas petitioner must fairly present each issue to the state court of appeals and to the state supreme court). Exceptions to the exhaustion requirement exist only when "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Petitioner admits that he has not exhausted state remedies for his claims, and even though he asserts that he has been unable to obtain the necessary forms for filing a pretrial habeas corpus complaint in state court, this assertion does not satisfy either of the exceptions to the exhaustion requirement. Nor does the failure to obtain state court forms constitute an exceptional circumstance warranting intrusion into state proceedings already underway. And because Petitioner has failed to show that he cannot enforce his rights in state court, he may not remove his state criminal case to federal court. 28 U.S.C. § 1443(1). Accordingly, the habeas petition (ECF No. 1) is DISMISSED without prejudice.

### III. Denial of a Certificate of Appealability and Leave to Proceed *In Forma Pauperis* on Appeal

Before Petitioner may appeal this decision, a district or circuit judge must issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A certificate

*Rhone v. Napoleon*, No. 13-14529

of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When, as here,

"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484.

Reasonable jurists would not find the Court's procedural ruling debatable or wrong, nor conclude that Petitioner has stated a valid claim of the denial of a constitutional right. The Court therefore declines to grant a certificate of appealability. And because an appeal could not be taken in good faith, the Court denies leave to proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

                              S/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated: January 13, 2014      Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 13, 2014, by electronic and/or ordinary mail.

                              S/Catherine A. Pickles
                              Judicial Assistant